833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary E. GLESMANN, Plaintiff-Appellant,
v.
John O. MARSH, Jr., Secretary of the Army, Department of the
Army, Defendants- Appellees.
 No. 87-2096.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 28, 1987.
Decided: Nov. 19, 1987.
 
 Mary E. Glesmann, appellant pro se.
 Dennis Edward Szybala, Assistant U.S. Attorney, for appellees.
 Before DONALD RUSSELL, MURNAGHAN, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mary E. Glesmann appeals the dismissal of her complaint against the Army in which she alleged sex, race, and religious discrimination. Glesmann was employed as an accounting clerk by the Army in Germany. She alleged that her black superiors discriminated against her because she was a black woman married to a white man.
 
 
 2
 A bench trial was held during which Glesmann did not testify or put forth any witnesses. She simply questioned the two defense witnesses. The two defense witnesses were her immediate boss and his boss. They testified to the following. Glesmann worked at one job for thirty-five days, eleven of which she was either late or absent. Despite training, Glesmann's job performance remained poor. Her immediate supervisor found numerous mistakes in her work. She was counseled verbally and by written notice on these problems. Her supervisor outlined specific tasks that he felt should improve by certain dates. After he saw no improvement, he recommended that Glesmann be terminated. Glesmann was moved to another office for a second opportunity to remain in the Army's employment. Her supervisor on this job testified that the problems continued. Shortly afterward, Glesmann was terminated.
 
 
 3
 At the conclusion of the trial, the court entered judgment for the defendant. After careful review of the transcript and record, we agree with the district court that Glesmann did not establish a prima facie case for her claims of racial, sexual, and religious discrimination. Glesmann admitted at trial that she could not prove religious discrimination. Furthermore, we find no evidence to support Glesmann's claims that she was terminated because of her sex or because of her race.
 
 
 4
 Glesmann argues on appeal that the district court erred in leading the witnesses and in excluding some of her documents because she failed to prefile them. "The exclusion of evidence is squarely within the discretion of the trial judge ... and cannot be reversed absent abuse of that discretion." DeBenedetto v. Goodyear Tire & Rubber Co., 754 F.2d 512, 518 (4th Cir.1985). We find no abuse of discretion in the district court's evidentiary rulings.
 
 
 5
 After examining Glesmann's allegations that the court led the witnesses, we find that on the whole the court was extremely solicitous of Glesmann and assisted her throughout the proceedings. We find that the court's handling of this unique trial was fair to both sides.
 
 
 6
 As the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the judgment below on the reasoning of the district court.
 
 
 7
 AFFIRMED.